UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAIYANAH BEY,

    Plaintiff,

vs.

ELMWOOD PLACE POLICE
DEPT., et al.,

    Defendants.

Case No. 1:16-cv-823

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants' motions to dismiss this action (Docs. 27, 34) as well as Defendants motions for judgment on the pleadings. (Doc. 40, 41). Upon careful consideration of the record in this matter, the undersigned finds that the pending motions are well-taken and dismissal of this matter is warranted as a matter of law.

**I. Background and Facts**

Plaintiff is "a North American national of Moroccan descent" who lives in Ohio. (See Doc. 3). On August 2, 2016, Plaintiff alleges that she was arrested for a traffic violation. Plaintiff was in fact arrested and charged with one count of resisting arrest, one count of endangering children, and one count of failure to comply with an order or signal of a police officer. (Doc. 27, Ex. A-C). In the course of the traffic stop, Plaintiff alleges that she was injured by Eric Crossty and Rodney Anderson, a police officer for the Elmwood Place Police Department and an employee of Hot Rod Towing, respectively. (Doc. 27, Ex. D). Plaintiff's son was present during the traffic stop.

On August 3, 2016, Plaintiff was released by police after she posted a bond. (Doc. 3 at 6). The next day, August 4, 2016, employees of Defendant Hamilton County Job and Family Services ("HCJFS"), including Defendant Victoria Baldrick went to Plaintiff's residence to take physical custody of Plaintiff's son. (*See* Doc. 3). Plaintiff told HCJFS that her son "could stay with family members but [could] not be taken unlawfully by [HCJFS]." (Id. at 7) After Plaintiff's family member(s) arrived, HCJFS informed Plaintiff that it would be filing for "emergency custody to strip [Plaintiff] of her parental rights." *Id.*

Thereafter, in the Hamilton County Juvenile Court Plaintiff lost legal custody of her son pursuant to an order of Magistrate Katie Woodside. (Doc. 3 at 7). Magistrate Woodside determined that Plaintiff's son was at imminent risk of serious physical harm in Plaintiff's custody and ordered that HCJFS take emergency custody of the child to protect the best interests of the child.

On August 10, 2016, Plaintiff then filed the instant action against the Elmwood Place Police Department, Elwood Place Chief of Police William Peskin, Elmwood Place Police Officer Eric Crossty, Elwood Place Mayer, William Wilson, Hamilton County Jobs and Family Services, Moira Weir, Agency Director of HCJFS, Victoria Baldrick, HCJFS personnel, Katie Woodside, Magistrate for the Hamilton County Juvenile Court, Nicolas Varney, Attorney for the Hamilton County Public Defender's Office, Chris Brown, attorney for the Hamilton County Prosecutor's Office, Jim Neil, Hamilton County Sheriff, Major Charmaine McGuffey, Commander for the Court & Jail Services Division, Captain Jeff Carroll, Hamilton County Sheriff's Office Court Services, Chief Deputy Mark Schoonover, Hamilton County Sheriff's Office, Eliot Isacc, Cincinnati Police Department

2

chief of Police, and the City of Cincinnati. Plaintiff's complaint contains the following causes of action

1. Denial of right to travel
2. Denial of Due Process
3. Excessive and Unreasonable Force
4. False Imprisonment and Unlawful Detention
5. Kidnapping
6. Denial of Due Process (Assault and Battery)
7. Abuse of Process
8. Defamation
9. Violation of Personal Right to Liberty
10. Denied Right to Truth in Evidence
11. False Arrest
12. Racketeering

(Doc. 3).

Plaintiff's claims stem from Plaintiff's August 2, 2016, arrest and the Magistrate's August 4, 2016, ruling on HCJFS' Motion for Interim Order of Custody. *Id.* Plaintiff asserts diversity jurisdiction and federal question jurisdiction. Defendants' motions to dismiss and for judgment on the pleadings will now be addressed in turn.

**II. Defendants Motions to Dismiss (Docs. 27, 34)**

Defendants Victoria Baldrick, Chris Brown, Jeff Carrol, Hamilton County Jobs And Family Services, Hamilton County Sheriff, Charmaine McGuffey, Mark Schoonover, Nicholas Varney, Moira Weir, Katie Woodside (collectively referred to as "County Defendants") and Defendants Chief Eliot Isaac and the Cincinnati Police Department (collectively referred to as the "City Defendants") move to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 27). The motions are well-taken.

*A. Standard of Review*

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of

3

the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

  B. *Plaintiff's complaint fails to state a claim for relief against the County Defendants*

To state a § 1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. See *Hines v. Langhenry,* 462 Fed. Appx. 500, 503 (6th Cir.2011) (citing *Boykin v. Van Buren Twp.,* 479 F.3d 444, 451 (6th Cir.2007); *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir.2003)).

At the outset, the County defendants note that Plaintiff's complaint asserts that "the Defendants" as a large group have committed the acts that entitle her to relief. However, Plaintiff's causes of action arise from events that took place over the course of several days, in different location and involving distinct groups of individuals. Notably, when a complaint merely lists multiple defendants and then describes the facts generally without naming the specific defendants involved in each event and without setting forth with particularity which acts by each defendant caused each constitutional deprivation, the complaint is insufficient. *See Id.* "When monetary damages are sought under section 1983 ... a showing of some personal responsibility of the defendant is required." *Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir.), *cert. denied,* 414 U.S. 1033 (1973). A plaintiff must prove that a particular defendant was personally involved in the deprivation of his rights. *Id.* A § 1983 complaint must allege that specific conduct by the defendant was the proximate cause of the injury. *King v. Massarweh,* 782 F.2d 825, 829 (9th Cir.1986).

Thus, "[c]ongress did not intend § 1983 liability to attach where causation is absent." *Deaton, et al. v. Montgomery Cty., et al.,* 989 F.2d 885, 889 (6th Cir.1993). To establish causation, a plaintiff must adduce "an affirmative link ... [a] moving force that animated the behavior ... that resulted in the constitutional violations alleged." *Id.* There is no § 1983 liability where the actions of one private individual leading to the injury or death of another individual are too remote from the allegedly wrongful state action. *Gazette v. City of Pontiac, et al.,* 41 F.3d 1061 (6th Cir.1994). *See also Janan v. Trammel,* 785 F.2d 557, 559 (discussing *Martinez v. California,* 444 U.S. 277, 285, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980)); and *City of Canton v. Harris,* 489 U.S. 378, 385-86,

5

109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Here, plaintiff has merely set forth a list of allegedly egregious acts and, thereafter, names a state agency and an employee of that agency as defendants without ever having specifically linked the particular employee to any complained-of action. Accordingly, as detailed below, the plaintiff has not sufficiently pled this action for it to go forward against the individually named county defendants as follows:

First, Plaintiff's complaint does not refer to Defendant Baldrick beyond general allegations as to the "Defendants." Next, other than being named in the caption of the complaint, Plaintiff's complaint does not contain any allegations against attorneys Nicholas Varney and Chris Brown. As such, Plaintiff's complaint fails to include sufficient factual support to state any claim for relief against Defendants Baldrick, Varney and Brown. Additionally, Plaintiff lists Mike Robison as a defendant on the certificate of service attached to the complaint; however the complaint or caption does not mention Mr. Robison.

Similarly, Plaintiff's complaint also fails to include sufficient factual allegations against defendants Moira Weir, Magistrate Woodside, Major McGuffey, Captain Carroll, Deputy Mark Schoonover, and Sheriff Jim Neil. Namely, beyond alleging that Ms. Weir is the director of HCJFS, the complaint does not allege that Ms. Weir was personally involved in the constitutional violations alleged. With respect to Magistrate Katie Woodside, the complaint alleges that she is a magistrate for the Hamilton County Juvenile Court and appears to sue her in both her official and individual capacities. Plaintiff alleges that Magistrate Woodside called an emergency custody hearing in order to improperly strip Plaintiff of custody of her son. Plaintiff further alleged that Magistrate

6

Woodside is a conspirator and a party to "racketeering acts". (Doc. 3). However, Plaintiff fails to include any factual basis to support such conclusory allegations.

Plaintiff further alleges that Major McGuffey, Captain Carroll, Deputy Schoonover and Sheriff Neil had command over deputies who stole Plaintiff's religious ID card. Such allegations fail to suggest that these Defendants deprived Plaintiff of a right secured by the constitution. *See Hines v. Langhenry,* 462 Fed. Appx. 500, 503 (6th Cir.2011).

Last, Plaintiff names HCJFS as a defendant on the case caption; however, the coamplaint alleges violations on behalf of HCJFS employees and does not assert claims against HCJFS.[1] Additionally, Plaintiff's complaint appears to assert claims against Hamilton County Sheriff's Office (although not identified in the case caption), alleging that "HCSO has unlawfully entered into a business arrangement with HCJFS to fame her good name, entice her into slavery, wrongfully imprison her, and strip her of custody of heir apparent J.B.[2]" (Doc. 3). Such unsupported conclusory allegations fail to state a plausible claim for relief. Furthermore, Hamilton County Sheriff's Office is not a separate legal entity subject to suit under § 1983. *Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir.1991); *Marbry v. Corr. Med. Servs.,* No. 99–6706, 2000 WL 1720959 at * 2 (6th Cir. Nov.6, 2000). *Woods v. Hamilton Cty. Jail*, No. 1:09-CV-137, 2010 WL 1882113, at *5 (E.D. Tenn. May 10, 2010).

In light of the foregoing, the undersigned finds that the County Defendant's motion to dismiss is well-taken.

---

[1] Moreover, this Court has also found that HCDJFS is an "arm of the state" entitled to sovereign immunity for purposes of the activities implicated in this action. *See Gamble v. Ohio Dep't of Job & Family Servs.,* 1:03–CV–452, 2006 WL 38996 (S.D.Ohio Jan.5, 2006).

[2] Name is redacted by the Court.

7

*C. The City Defendants' Motion to Dismiss is well-taken*

Here, other than identifying the City Defendants in the caption and in paragraph 7 of the complaint, there is no other mention of the City Defendants in the complaint. As such, Plaintiff's complaint fails to include sufficient factual support to state any claim for relief against the City Defendants.

Moreover, the Cincinnati Police Department is not a legal entity subject to suit under 42 U.S.C. § 1983. *See Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir.1991). Additionally, a person convicted of a crime may not raise claims under § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486 (1994). Here, Plaintiff is challenging the validity of the traffic and criminal convictions. To assert these claims, she must first demonstrate that her conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. She has not done so. As such, the complaint fails to state a claim upon which relief may be granted and should be dismissed.

**III. Defendants' Motions for Judgment on the Pleadings (Docs. 40, 41)**

Defendants Elmwood Place Police Department ("EPPD"), Eric Crossty ("Crossty"), and William Wilson ("Wilson") (collectively "Elmwood Place Defendants") and Defendant William Peskin ("Peskin") move to dismiss Plaintiff's claims against them pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

*A. Standard of Review*

The standard for a motion for judgment on the pleadings is the same as the

standard for a motion to dismiss under Rule 12(b)(6). *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir.1987). When ruling on a defendant's Rule 12(c) motion, a district court "must construe the complaint in the light most favorable to the plaintiff [and] accept all of the complaint's factual allegations as true." *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 512 (6th Cir.2001) (citations omitted). In ruling on a motion for judgment on the pleadings, a court may not consider material outside of the pleadings. Fed.R.Civ.P. 12(c); *see also Hickman v. Laskodi,* 45 F. App'x 451, 454 (6th Cir.2002).

  B. *Plaintiff's claims against the Elmwood Place Defendants are properly dismissed.*

Plaintiff's complaint asserts that EPPD has been "cloth[ed] with the veil of state [and/or 'Sheriffian'] authority," has "violate[d] search and procedural warrant protocol," and "enforce[d] color of authority with arms and threat of imprisonment." Doc. 3. at PageID 26-27. Without any basis whatsoever, Plaintiff also concludes that EPPD "effectuat[es] false prosecution(s), collect[s] fines and bailments, and incarcerat[es] persons who [are] to be 'presumed innocent' at their beckon call due to latent and patented bias against the plaintiff."[3] *Id.* at PageID 26. Further, Plaintiff concludes that EPPD has "unlawfully entered into [a] business arrangement with HCJFS to defame [Plaintiff's] good name, entice her to slavery, wrongfully imprison her, and strip her of custody of heir apparent." *Id.* at PageID 27. Plaintiff also asserts that EPPD has either permitted others or been permitted by others to "bear false witness against Plaintiff in

---

[3] Plaintiff also asserts that EPPD "employed HOT ROD TOWING Company to steal Plaintiff's personal property and to assist in the kidnapping the [sic] Plaintiff." *See* Doc. 3, PageID 28. Plaintiff, however, provides no factual basis for this assertion. Furthermore, any purported claims asserted against Hot Rod Towing also fail as a matter of law, as there is no evidence that Hot Rod Towing was acting under color of state law as required to assert claims under §1983.

9

'kangaroo court' sham court proceedings." *Id.*

Such unsupported, and wholly improbable allegations, fail to state any plausible claim for relief against EPPD as required by *Twombly* and *Iqbal*. Furthermore, any claims against EPPD must fail as a matter of law because EPPD is not *sui juris*. See *Hale v. Vance*, 267 F.Supp.2d 725, 737 (S.D.Ohio 2003) (City of Trotwood Police Department was not *sui juris* and was not capable of being sued); *Elkins v. Summit County, Ohio*, 2008 WL 622038, *6 (N.D.Ohio Mar. 5, 2008) (dismissing claims against Barberton Police Department because it was not *sui juris); see also Burgess v. Doe*, 116 Ohio App.3d 61, 64, 686 N.E.2d 1141, 1143 (12th Dist. 1996) (Lebanon Police Department was dismissed "on the ground that the police department was not *sui juris* and lacked the capacity to be sued").

With respect to Officer Crossty (the Officer who initialed the traffic stop of Plaintiff's vehicle on August 2, 2016), Plaintiff alleges that Crossty stole from her, physically abused her, and/or verbally abused and endangered her son. *See* Doc. 3, PageID 28- 37. These allegations are wholly unsupported and contradicted by public records. Accordingly, Plaintiff has failed to state a plausible claim for relief against Defendant Crossty.

Moreover, although Plaintiff's names William Wilson as a defendant in this actions, the only time Wilson's name is mentioned in the Complaint, excluding the Complaint's caption, is when Plaintiff identifies him as the Mayor of the Village of Elmwood Place ("Elmwood Place") and a defendant being sued in his official capacity. (Doc. 3). Plaintiff does not allege that Wilson was involved in any way in any of the events precipitating the filing of this action. *Id.* Accordingly, Plaintiff has failed to state

10

any plausible claim for relief against Wilson.

For these reasons, Plaintiff's claims asserted against the Elmwood Place Defendants are properly dismissed

*C. Defendant Peskin*

Plaintiff's Complaint alleges twelve claims against Peskin purportedly as Chief of Police for the Elmwood Place Police Department ("EPPD"). However, Peskin is not currently the Chief of Police for the Elmwood Place Police Department and was not Chief of Police at the time of the events described in Plaintiff's Complaint and, therefore Peskin was not involved in the events described in Plaintiff's Complaint. Accordingly, Plaintiff has failed to allege any facts against Peskin to make liability against him appear plausible.

**IV. Conclusion**

Accordingly, for these reasons, it is therefore **RECOMMENDED** that Defendants' Motions to Dismiss (Docs. 27, 34) be **GRANTED**, Defendants' Motions for Judgment on the pleadings (Docs. 40, 41) be **GRANTED**; all remaining pending motions (12, 28, 32[4], 36, 46, 47, 51), be **DENIED as MOOT**, and this matter **TERMINATED** on the active docket of this Court.

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[4] The County Defendants construed Plaintiff's "Emergency Complaint for Permanent Injunction and Other Equitable Relief" that relates to a "Motion for Emergency Hearing and Emergency Injunction" (*see* docs 12, 13) as an Amended Complaint and filed a motion to dismiss the Amended Complaint. However, Plaintiff's motion does not appear to be properly served. More importantly, Plaintiff asserts that the motions were not intended to be an Amended Complaint. (Doc.35). Accordingly, the motion to dismiss the purported amended complaint should be denied as moot.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAIYANAH BEY,

    Plaintiff,

vs.

ELMWOOD PLACE POLICE
DEPT., et al.,

    Defendants.

Case No. 1:16-cv-823

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

12