**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Jaiyanah Bey,

      Plaintiff,

      v.

Elmwood Place Police
Department, *et al.*,

      Defendants.

Case No. 1:16cv823

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the Magistrate Judge's December 22, 2016 Report and Recommendation ("R&R") recommending that this Court grant the Motion to Dismiss filed by Defendants Victoria Baldrick, Chris Brown, Jeff Carrol, Hamilton County Jobs And Family Services ("HCJFS"), Hamilton County Sheriff, Charmaine McGuffey, Mark Schoonover, Nicholas Varney, Moira Weir, Katie Woodside ("the County Defendants") (Doc. 27); grant the Motion to Dismiss filed by Defendants Chief Eliot Isaac and Cincinnati Police Department ("the City Defendants") (Doc. 34); grant the Motion for Judgment on the Pleadings filed by Defendants Eric Crossty, Elmwood Place Police Department, William Wilson ("the Elmwood Place Defendants") (Doc. 40); and grant the Motion for Judgment on the Pleadings filed by Defendant William Peskin (Doc. 41). Also before the Court is the Plaintiff's Motion for Default Judgment filed against Defendant Rodney Anderson. (Doc. 59).

### I. BACKGROUND

During a traffic stop on August 2, 2016, Plaintiff Jaiyanah Bey was arrested and

charged with one count of resisting arrest, one count of endangering children, and one count of failure to comply with an order or signal of a police officer. (Doc. 27-1). Plaintiff's son was present during the traffic stop. Plaintiff claims that as part of the traffic stop, Defendants Eric Crossty and Rodney Anderson stole her personal property and endangered her son. (Doc. 3). Plaintiff also claims that she was arrested without probable cause. (Doc. 3). On August 3, 2016, Plaintiff was released after posting bond. (Doc. 3). On August 4, 2016, employees of Defendant Hamilton County Job and Family Services ("HCJFS"), including Defendant Victoria Baldrick, went to Plaintiff's home to take physical custody of Plaintiff's son. (Id.) HCJFS filed for emergency custody of Plaintiff's son, and Defendant Magistrate Katie Woodside granted custody to HCJFS. (Id.)

Plaintiff's complaint contains the following causes of action: denial of right to travel, denial of due process, excessive and unreasonable force, false imprisonment and unlawful detention, kidnapping, denial of due process (assault and battery), abuse of process, defamation, violation of personal right to liberty, denied right to truth in evidence, false arrest, racketeering. Plaintiff brings these claims pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.

In her R&R, the Magistrate Judge recommends granting the County and City Defendants' Motions to Dismiss (Docs. 27, 34); and the Elmwood Place Defendants and Defendant Peskin's Motions for Judgment on the Pleadings (Docs. 40, 41). The Magistrate Judge also recommends that all remaining pending motions (Docs. 12, 28, 32, 36, 46, 47, 51) be denied as moot.

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed Objections to the R&R. (Doc. 54). Defendants filed Responses to Plaintiff's Objections. (Docs. 55, 56, 57). Plaintiff then responded to Defendants' Responses (Doc. 58).

## II. ANALYSIS

### A. Standards of review

Federal Rule of Civil Procedure 72(b)(2) states that if a party objects to a magistrate's report and recommendation, the party must file "specific written objections" to the recommendation. Fed. R. Civ. P. 72(b)(2). A general objection to a magistrate's report, without specifically indicating the issues of contention, does not satisfy the "specific written objections" requirement. *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Defendants argue that Plaintiff has failed to file specific objections. Such arguments are misplaced. In her objections, Plaintiff identifies and repeats statements made in the R&R and responds to each with an argument labelled as "rebuttal." (See Doc. 54). While some of these arguments contain general statements, these statements are not tantamount to a general objection to the entirety of the Magistrate Judge's R&R.

A complaint may be dismissed according to Federal Rule of Civil Procedure 12(b)(6), for a "failure to state a claim upon which relief can be granted." A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Mixon*

*v. State of Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999). In reviewing a motion to dismiss, the Court must accept the plaintiff's allegations as true and construe the complaint in the light most favorable to the plaintiff. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). The complaint need not contain detailed factual allegations, yet it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). However, courts must apply "less stringent standards" in determining whether *pro se* pleadings state a claim for which relief can be granted. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### B. Section 1983

To state a claim under § 1983, a plaintiff must allege: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). However, as the Sixth Circuit has explained: "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

The Magistrate Judge identified several Defendants who were named in the caption of Plaintiff's Complaint, but not specifically mentioned anywhere else in the Complaint. These Defendants are: Baldrick, Varny, Brown, Robison, Weir, Isaac, Wilson and Peskin. "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery

4

under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)). Plaintiff has not identified additional factual allegations in her objections. Therefore, the Magistrate Judge did not err in concluding that Plaintiff failed to state a claim against Defendants Baldrick, Varny, Brown, Robison, Weir, Isaac, Wilson and Peskin.

Plaintiff does explain in her Complaint that Defendant Katie Woodside is a Magistrate for the Hamilton County Juvenile Court, and that Magistrate Woodside improperly stripped Plaintiff of custody of her son. Plaintiff alleges that Magistrate Woodside acted "in absence of all jurisdiction and due process of law," but provides no further detail regarding this claim. While pleadings filed by *pro se* litigants are to be construed liberally, Plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Twombly*, 550 U.S. at 556. These allegations do not rise to that level, and therefore Plaintiff has failed to state a constitutional claim.

Plaintiff also alleges that Magistrate Woodside was a conspirator and a party to "racketeering acts." However, Plaintiff has not properly plead a conspiracy claim. *See Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) ("Although circumstantial evidence may prove a conspiracy, it is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.") (citation and quotation marks omitted). Therefore, the Magistrate Judge did not err in

finding that Plaintiff has failed to state a claim against Defendant Woodside.

Plaintiff identifies Major McGuffey, Captain Carroll, Deputy Schoonover and Sheriff Neil, and explains their roles within the Hamilton County Sheriff's Office. However, the factual allegations against these defendants are limited. Plaintiff alleges:

> "This travesty of justice is propelled by the Defendants in order to impose and collect fines and costs from Ohio Citizens and or inhabitants. It is further accomplished by granting EPPD the HCJFS executive and Sheriffian authority, in concert with KATIE WOODSIDE MAJOR CHARMAINE MCGUFFEY, and CAPTAIN JEFF CARROLL a corporate veil of impregnability." (Doc. 3, PAGEID # 27).

> "The plaintiff's religious national identification card was stolen by sheriff deputies under the command of Defendant CHARMAIN MCGUFFEY (MAJOR), JIM NEIL (SHERIFF), and DEPUTY MARK SCHOONOVER (CHIEF) under color of authority in violation of the 4th and 5th Amendments to the U.S. Constitution." (Doc. 3, PAGEID #28).

To the extent that Plaintiff alleges that Major McGuffey, Captain Carroll, Deputy Schoonover and Sheriff Neil participated in a conspiracy with Magistrate Woodside, the Court has explained that Plaintiff's allegations regarding this conspiracy have not been properly plead. To the extent that Plaintiff claims that Major McGuffey, Captain Carroll, Deputy Schoonover and Sheriff Neil failed to adequately supervise the officers who stole Plaintiff's religious national identification card, Plaintiff has failed to adequately plead such a claim. To state a claim for failure to adequately supervise, a plaintiff must sufficiently plead that "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 905 (S.D. Ohio 2016) (quoting *Regets v. City of Plymouth*, 568 Fed.Appx. 380, 394 (6th Cir. 2014)). Plaintiff has not plead facts which would support this claim, and therefore the Magistrate Judge

did not err in concluding that the claims against Major McGuffey, Captain Carroll, Deputy Schoonover and Sheriff Neil should be dismissed.

Moreover, Plaintiff's underlying constitutional claim fails. The Due Process Clause of the Fourteenth Amendment protects against the unlawful taking of a person's property by public officers. In order to properly plead a procedural due process claim, a plaintiff must allege that "(1) [she] had a life, liberty, or property interest protected by the Due Process Clause; (2) [she] was deprived of this protected interest; and (3) the state did not afford [her] adequate procedural rights." *Daily Services, LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) (citing *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)). Because Plaintiff has failed to make these allegations, the Magistrate Judge was correct to recommend that this claim be dismissed.

Plaintiff alleges that HCJFS employees improperly and illegally took custody of Plaintiff's child. A municipal defendant, like Hamilton County, may be held liable under § 1983 "only where the municipality's policy or custom led to the violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694-95 (1978)). As the Magistrate Judge explained, Plaintiff did not assert any factual allegations against Hamilton County or HCJFS in the complaint, let alone identify a policy or custom that led to the alleged violation of her constitutional rights. Therefore, the Magistrate Judge did not err in concluding that the claims against HCJFS should be dismissed for failure to state a claim.

To the extent that Plaintiff alleges claims against the Hamilton County Sheriff's Office, the Magistrate Judge explained that the Sheriff's Office is not a separate legal entity subject to suit under § 1983. *See Carmichael v. City of Cleveland*, 571 F. App'x

426, 435 (6th Cir. 2014) (citing cases and explaining that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued."). Therefore, the Magistrate Judge correctly concluded that the claims against the Hamilton County Sheriff's Office should be dismissed.

Similarly, the Magistrate Judge explained that the Cincinnati Police Department and the Elmwood Place Police Department are not legal entities capable of being sued. The Magistrate Judge was correct to conclude that these two parties should be dismissed. *Accord Hale v. Vance*, 267 F. Supp. 2d 725, 737 (S.D. Ohio 2003) ("the City of Trotwood Police Department, being a mere arm of the City of Trotwood, is not its own entity, and is not capable of being sued (i.e., it is not *sui juris*)."). In addition, with no factual allegations showing a formal policy or any prior incidents to support Plaintiff's *Monell* municipal-liability claim, any claims against the City of Cincinnati or Elmwood Place fail.

As to the claims against Officer Crossty, who initiated the traffic stop of Plaintiff's vehicle, the Magistrate Judge found that Plaintiff's allegations were wholly unsupported and contradicted by the public records. Plaintiff claims Crossty violated her constitutional rights by arresting her without a warrant or probable cause and hiring a tow truck company to steal her property. (See Doc. 3, PAGEID #28; Doc. 44, PAGEID # 313). Plaintiff also claims that she was physically abused by Crossty. (Id., PAGEID #28).

According to an affidavit filed by Officer Crossty, in Plaintiff's criminal proceedings in Hamilton County Municipal Court, Plaintiff was initially stopped because her vehicle registration was expired and Officer Crossty noticed a small child in the

8

vehicle who was not in a safety restraint. (Doc. 27-1, PAGEID # 199). Plaintiff explained that she did not need to renew her registration because she was not driving, but was instead "travelling;" and the United States Constitution allows her to travel in her vehicle without interruption of police officers. (Id.)[1] Plaintiff then left the traffic stop at a high rate of speed and drove for about one mile before stopping. (Id.) At that point, Officer Crossty handcuffed Plaintiff with the assistance of bystanders and arrested Plaintiff. (Id.) Court records show that Plaintiff was convicted of failing to comply with an order or signal of a police officer, resisting arrest, and endangering children. (Doc. 27-1, PAGEID #203-204).

> As the Sixth Circuit has recently reiterated:
>
> A traffic stop is a "seizure" and it must therefore conform to the requirements of the Fourth Amendment, but "to justify this type of seizure, officers need only 'reasonable suspicion'—that is, a particularized and objective basis for suspecting the particular person stopped of breaking the law." *Heien v. North Carolina*, 574 U.S. ——, 135 S.Ct. 530, 536, 190 L.Ed.2d 475 (2014) (quotation marks and citations omitted).

*Sampson v. Vill. of Mackinaw City*, 685 F. App'x 407, 412 (6th Cir. 2017). Plaintiff has not alleged that her vehicle registration was not expired or that her son was in a safety restraint. Instead, Plaintiff only makes conclusory allegations that Officer Crossty arrested her without probable cause. These allegations do not support Plaintiff's claim of false arrest.

"Were an excessive force claim arises in the context of an arrest, it is analyzed under the Fourth Amendment and its reasonableness standard." *Marshall v. City of Farmington Hills*, No. 15-2380, 2017 WL 2380650, at *5 (6th Cir. June 1, 2017) (citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The

---

[1] This is an argument Plaintiff has repeated in her response to Defendant Crossty's Motion for Judgment on the Pleadings. (Doc. 44, PAGEID #312-13).

Sixth Circuit has found that an officer's use of force was not excessive when an individual resisted arrest after being removed from her vehicle. *See Ryan v. Hazel Park*, 279 F. App'x 335, 338-39 (6th Cir. 2008). Here, Plaintiff only alleges that she was physically abused by Officer Crossty. Without additional factual allegations, Plaintiff has failed to state a claim for excessive force.

Finally, as to Plaintiff's claim that Officer Crossty hired a tow truck to steal her property, it would appear from Plaintiff's allegations that her vehicle was impounded following her arrest at the traffic stop. However, such an allegation fails to state a Fifth Amendment claim. *See United States v. Harvey*, 16 F.3d 109, 112 (6th Cir. 1994) (finding the "police lawfully exercised their discretion in deciding to impound the vehicle in the absence of any licensed driver to attend to it").

Accordingly, the Magistrate Judge correctly concluded that the claims against the Officer Crossty should be dismissed.

### C. **Default Judgment**

In her Motion for Default Judgment, Plaintiff seeks default judgment against Defendant Rodney Anderson

A party who has failed to plead or defend against a judgment may have a default judgment entered against them. Fed. R. Civ. P. 55. Federal Rule 55 contains a two-step process. *Id*. First, an entry of default must be made under Rule 55(a). Second, a party must move for a default judgment under Rule 55(b). The clerk may enter a default judgment pursuant to Rule 55(b)(1) if the plaintiff presents the clerk with an affidavit showing the amount due for claims that have a sum certain. In all other cases, the party seeking default judgment must apply to the court for a default judgment. *Id*.

A court may properly deny a motion for default judgment if an entry for default was not obtained first. *Reed-bey v. Pramstaller*, 607 Fed.Appx. 445, 449 (6th Cir. 2015). In this case, Plaintiff filed a motion for default judgment, but failed to obtain an entry of default. Therefore, Plaintiff's Motion for Default judgment against Defendant Rodney Anderson is denied.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge's December 22, 2016 Report and Recommendation (Doc. 52) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Defendants Victoria Baldrick, Chris Brown, Jeff Carrol, Hamilton County Jobs And Family Services, Hamilton County Sheriff, Charmaine McGuffey, Mark Schoonover, Nicholas Varney, Moira Weir, Katie Woodside's Motion to Dismiss (Doc. 27) is GRANTED;

2. Defendants Chief Eliot Isaac and Cincinnati Police Department's Motion to Dismiss (Doc. 34) is GRANTED;

3. Defendants Eric Crossty, Elmwood Place Police Department, William Wilson's Motion for Judgment on the Pleadings (Doc. 40) is GRANTED;

4. Defendant William Peskin's Motion for Judgment on the Pleadings (Doc. 41) is GRANTED;

5. Plaintiff's Motion for Default judgment against Defendant Rodney Anderson (Doc. 59) is DENIED;

6. The remaining motions pending before the Court (Docs. 12, 28, 32, 36, 46, 47, 51) are DENIED as MOOT; and

7. This matter is CLOSED and TERMINATED from the active docket of this Court.

**IT IS SO ORDERED.**

          */s/ Michael R. Barrett*
          JUDGE MICHAEL R. BARRETT